**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Leobardo Roque, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| Weltman, Weinberg & Reis Co., L.P.A., | ) | 1 : 07-cv-       -TAB |
| a Ohio professional corporation, | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Leobardo Roque, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that Defendant's debt collection practices violate the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

3.      Plaintiff, Leobardo Roque ("Roque"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Old National Bank.

4.      Defendant, Weltman, Weinberg & Reis Co, L.P.A. ("WWR"), is an Ohio professional corporation which acts as a debt collector, as defined by § 1692a of the

FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Defendant WWR was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

5.    On November 24, 2006, Defendant WWR sent Mr. Roque an initial form collection letter demanding payment of a debt he allegedly owed to Old National Bank. A copy of this letter is attached as Exhibit A.

6.    On December 6, 2006, one of Mr. Roque's attorneys faxed WWR a letter disputing the debt, demanding verification of same and advising WWR that all further communication must take place with his office. A copy of the facsimile is attached as Exhibit B.

7.    Nonetheless, on December 8, 2006, one of WWR's debt collectors, "Betty Brown", called Mr. Roque's place of employment and held a lengthy conversation about the debt with Stan Conner, the manager of the restaurant at which Mr. Roque worked. WWR's debt collector, Ms. Brown, informed Mr. Conner that she was calling from the "Law Office of Weinberg & Reis", that she was trying to reach Mr. Roque about a debt he owed, asked for Mr. Roque's social security number, and then asked to speak to Mr. Roque.

8.    The manager, Mr. Conner, informed WWR's debt collector, Ms. Brown, that he would not give out an employee's personal information and that Mr. Roque did not understand English well enough to talk to the debt collector. Undeterred, the debt

2

collector, Ms. Brown, suggested that Mr. Conner locate another employee to act as a translator.

9.      All of WWR's collection actions at issue in this matter occurred within one year of the date of this Complaint.

10.     The statements made by Defendant are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g Of The FDCPA –**
**Continuing Debt Collection Activities On A Disputed Debt**
**And Failing To Provide Validation Of The Debt**

11.     Plaintiff adopts and realleges ¶¶ 1-10.

12.     Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, an effective validation notice must be provided, i.e., notice that the consumer has 30 days to challenge the validity of the debt and seek verification of it.  See, 15 U.S.C. § 1692g.  Moreover, § 1692g(b) of the FDCPA provides that if a debt is disputed within the 30-day validation period, then the debt collector must cease all collection action until it provides verification of the debt.  See, 15 U.S.C. § 1692g(b).

13.     Defendant violated these provisions by ignoring Plaintiff's dispute and failing to provide verification of the debt, and instead continuing its collection activities.

14.     Defendant's violations of § 1692g of the FDCPA render it liable for damages, costs and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

3

## COUNT II
### Violation Of § 1692e And § 1692f Of The FDCPA --
### Attempting To Collect A Disputed Debt

15.    Plaintiff adopts and realleges ¶¶ 1-10.

16.    Section 1692e of the FDCPA prohibits a debt collector from using any

false, deceptive or misleading representation or means in connection with the collection

of a debt, including, but not limited to, the false representation of the character, amount

or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).  Moreover, section 1692f of

the FDCPA prohibits a debt collector from using any unfair or unconscionable means to

collect or attempt to collect a debt.  See, 15 U.S.C. § 1692f.  Attempting to collect a debt

that is disputed is both false, deceptive or misleading, and unfair or unconscionable, in

violation of § 1692e and § 1692f of the FDCPA.

17.    Defendant's violation of § 1692e and § 1692f of the FDCPA render it liable

for damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Attempting To Communicate With A Consumer Represented By Counsel

18.    Plaintiff adopts and realleges ¶¶ 1-10.

19.    Section 1692c(a)(2) of the FDCPA prohibits a debt collector from

communicating with a consumer if the debt collector knows the consumer is

represented by an attorney with respect to such debt and has knowledge of, or can

readily ascertain, such attorney's name and address.  Defendant knew that Plaintiff was

represented by an attorney in connection with this debt, because Mr. Roque's attorney

faxed WWR a letter advising it that Mr. Roque was represented by an attorney.  By

4

directly calling Mr. Roque, despite notice that Plaintiff was represented by counsel in connection with this debt, Defendant violated § 1692c(a)(2) of the FDCPA.

20.     Defendant's violation of § 1692c(a)(2) of the FDCPA render it liable for damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT IV
### Violation Of § 1692c Of The FDCPA –
### Contacting Plaintiff's Employer

21.     Plaintiff adopts and realleges ¶¶ 1-10.

22.     Section 1692c(b) of the FDCPA prohibits a debt collector, absent express permission from the consumer, from communicating with any person other than the consumer. Defendant, by contacting Plaintiff's place of employment, asking for Mr. Roque's social security number, and informing Plaintiff's manager that Defendant was a law firm calling about a debt Plaintiff owed, violated § 1692c(b) of the FDCPA.

23.     Defendant's violation of § 1692c(b) of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Leobardo Roque, prays that this Court:

1.     Declare that Defendant's debt collection practices violated the FDCPA;

2.     Enter judgment in favor of Mr. Roque, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k (a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Leobardo Roque, demands trial by jury.

Leobardo Roque,

By: _____

One of Plaintiff's Attorneys

Dated:  January 18, 2007

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Bonnie C. Dragotto  (Ill. Bar No. 06286065)
Gomolinski & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)

Steven J. Halbert      (Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)